

Jaspreet Kaur

Plaintiff,

V.

Experian Information Solutions, Inc.,

Defendant.

Civil Action No.

JURY TRIAL DEMANDED

## COMPLAINT AND DEMAND FOR JURY TRIAL

## PRELIMINARY STATEMENT

1. This is an action for actual damages, statutory damages, and costs brought by Plaintiff Jaspreet Kaur ("I" or "Plaintiff") against Defendant Experian Information Solutions, Inc. ("Experian") for willful and negligent violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA"). Experian has systematically reported inaccurate, misleading, and internally contradictory information on my consumer credit report, including balances and highest balances that exceed stated credit limits on multiple accounts, duplicate tradelines bearing the same account number but different open dates, and inaccurate derogatory payment history. These errors materially misrepresent my creditworthiness to every prospective creditor who reviews my report.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331, as this action arises under federal law.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Plaintiff resides in this District and a substantial portion of the events giving rise to this action occurred here.

4. Experian is subject to the provisions of the FCRA, regularly transacts business in this District, and is subject to the jurisdiction of this Court.

## PARTIES

5. I, Jaspreet Kaur, am a natural person and a "consumer" as defined by 15 U.S.C. § 1681a(c), residing in Randolph, Massachusetts.

6. Experian Information Solutions, Inc. is a corporation organized under the laws of Ohio, with its principal place of business in Costa Mesa, California. Experian is a "consumer reporting agency" ("CRA") as defined by 15 U.S.C. § 1681a(f), in that it regularly engages, for monetary fees, in the practice of assembling and evaluating consumer credit information for the purpose of furnishing consumer reports to third parties, using means or facilities of interstate commerce, including the mail and the internet. As a CRA, Experian is aware of its obligations under the FCRA.

## FACTUAL ALLEGATIONS

### A. Plaintiff's Experian Consumer Credit Report

7. On or about February 24, 2026, I obtained a copy of my Experian consumer credit report, Report Number 2618-8957-88 (the "Report"), generated on February 24, 2026, via annualcreditreport.com.

8. The Report contains 34 accounts, 0 public records, and 4 hard inquiries, as well as personal information including my name, addresses, year of birth, and phone numbers.

9. Upon reviewing the Report, I identified multiple materially inaccurate, misleading, and internally contradictory entries, as described below.

### B. FNB Omaha Account (560530) -- Balance Exceeds Credit Limit

10. The Report reflects an open FNB Omaha credit card account (Account Number 560530XXXXXXXXX, the "FNB Active Account") with a Credit Limit of $16,800 and a Highest Balance of $17,490. The current balance as of January 30, 2026, is reported as $16,993.

11. A highest balance of $17,490 is mathematically impossible on an account with a credit limit of $16,800. The highest balance exceeds the credit limit by $690. At no time did I incur overlimit charges or authorize charges in excess of the stated credit limit. Experian's reporting of a Highest Balance exceeding the Credit Limit therefore misrepresents my actual account history and presents a materially misleading picture of my creditworthiness to prospective creditors reviewing the Report.

12. Additionally, as of the balance update date of January 30, 2026, the reported balance of $16,993 exceeds the stated credit limit of $16,800 by $193. A balance exceeding the credit limit, without any corresponding overlimit fee or account notation, constitutes an

additional internal contradiction that renders this tradeline inaccurate under 15 U.S.C. § 1681e(b).

## C. USAA Savings Bank Account

## Balance and Highest Balance Exceed Credit Limit

13.  The Report reflects an open USAA Savings Bank credit card account (Account Number 374355XXXXXXXXX, the "USAA Account") with a Credit Limit of $6,000 and a Highest Balance of $6,827. The current balance as of February 3, 2026, is reported as $6,030.

14.  A highest balance of $6,827 is mathematically impossible on an account with a credit limit of $6,000. The highest balance exceeds the credit limit by $827. At no time did I incur overlimit charges or authorize charges in excess of the stated credit limit. Experian's reporting of a Highest Balance exceeding the Credit Limit therefore misrepresents my actual account history and presents a materially misleading picture of my creditworthiness to prospective creditors reviewing the Report.

15.  The USAA Account also reflects derogatory payment history, including 30 days past due in July 2025, 60 days past due in August 2025, 90 days past due in September 2025, 120 days past due in October 2025, 150 days past due in November 2025, and 180 days past due in December 2025. The accuracy of this derogatory payment history is called into further question by the mathematically impossible balance and highest balance figures reported on the same tradeline.

16.  The current reported balance of $6,030 likewise exceeds the stated credit limit of $6,000, constituting an additional internal contradiction rendering the USAA tradeline inaccurate under 15 U.S.C. § 1681e(b).

### D. JPMCB Card -- Charge-Off Balance Exceeds Credit Limit

17.    The Report reflects a JPMCB Card account (Account Number 414740XXXXXXXXXX, the "JPMCB Account") with a Credit Limit of $40,700 and a Highest Balance of $48,838, with a reported charge-off balance of $48,838 as of February 11, 2026.

18.    A highest balance and charge-off balance of $48,838 is mathematically impossible on an account with a reported credit limit of $40,700. The reported balance exceeds the credit limit by $8,138. At no time did I authorize charges in excess of the stated credit limit, and there is no notation of an overlimit authorization or credit limit increase that would account for this discrepancy. Experian's reporting of a balance and Highest Balance exceeding the Credit Limit therefore misrepresents my actual account history and presents a materially misleading picture of my creditworthiness to prospective creditors reviewing the Report.

19.    The balance histories for the JPMCB Account confirm that from July 2024 forward, the reported credit limit was $40,700, yet the account balance had already reached $46,652 in July 2025 and $48,838 in October 2025 -- all while the credit limit remained $40,700. This sustained, months-long discrepancy between the reported balance and the credit limit is a systemic reporting error.

### E. Duplicate ADS/Comenity/Ulta MC Tradelines

20.    The Report contains two separate tradelines for "ADS/COMENITY/ULTA MC," both bearing the truncated account number 536817XXXXXXXXXX. The first tradeline reflects a Date Opened of January 13, 2019, a Credit Limit of $4,000, a Highest Balance of $131, and a status of Paid, Closed/Never Late, updated August 2020. The second tradeline reflects a Date Opened of December 22, 2020, a Credit Limit of $6,000, a

Highest Balance of $275, and a status of Paid, Closed/Never Late, updated December 2022.

21. Two tradelines bearing the same account number cannot reflect two separate accounts. Either one tradeline is a duplicate of the other, or the tradelines reflect mixed credit file information from another consumer. In either case, the simultaneous reporting of two tradelines with identical account numbers but different open dates, credit limits, and balances is materially inaccurate.

22. Both tradelines bear comments stating "Account closed at credit grantor's request." The presence of two separately dated closings on a single account number further demonstrates that Experian is reporting internally contradictory information about this account.

23. Prospective creditors reviewing the Report may interpret the duplicate tradeline as reflecting two separate Comenity/Ulta accounts, thereby distorting the true picture of my credit history and account utilization.

**F. Plaintiff's Pre-Suit Dispute and Experian's Failure to Reinvestigate**

24. On or about late November 2025, approximately three to four months before the filing of this Complaint, I submitted a written dispute to Experian identifying the inaccuracies described in Sections B through E above, including the mathematically impossible highest balances and balances exceeding credit limits on the FNB Omaha, USAA, and JPMCB accounts, as well as the duplicate ADS/Comenity/Ulta MC tradelines.

25. I submitted the dispute through Experian's online dispute portal at Experian.com/dispute. My dispute provided Experian with specific notice of the nature of each inaccuracy and the basis for my belief that the information was incorrect.

26. Upon receipt of a timely consumer dispute, Experian was required by 15 U.S.C. § 1681i(a)(1)(A) to conduct a free and reasonable reinvestigation of the disputed information and to complete that reinvestigation within 30 days (or up to 45 days in certain circumstances).

27. Experian either failed to correct the inaccuracies identified in my dispute, failed to delete information that could not be verified, or failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i. As of the date of this Complaint, the inaccurate entries described above remain on my Experian credit report without correction.

28. Experian's failure to correct the reported inaccuracies following a specific written dispute provides additional and independent evidence of a violation of 15 U.S.C. § 1681i, and further supports a finding of willful noncompliance under 15 U.S.C. § 1681n.

**G. Willfulness -- Pattern and Systemic Nature of Errors**

29. The inaccuracies described above are not isolated typographical errors. The reporting of multiple account balances exceeding their respective credit limits -- across three separate furnishers and over multiple reporting periods -- reflects a systemic failure in Experian's procedures for assembling and verifying consumer credit information, as required by 15 U.S.C. § 1681e(b).

30. The Consumer Financial Protection Bureau has taken enforcement action against Experian relating to its failure to maintain reasonable procedures to assure maximum possible accuracy of consumer information, including Experian's failure to investigate disputes adequately. See CFPB v. Experian Information Solutions, Inc., No. 1:25-cv-00802 (D.D.C. 2025). Experian's knowledge of systemic reporting failures -- and its failure to cure them -- supports a finding of willful noncompliance under the standard

established in *Safeco Insurance Co. of America v. Burr*, 551 U.S. 47, 57 (2007), which held that willfulness under the FCRA includes reckless disregard of a statutory duty.

31. The months-long persistence of balance and highest-balance figures that exceed credit limits by hundreds or thousands of dollars -- including across consecutive balance history cycles -- demonstrates that Experian's reinvestigation, if any was conducted, was not reasonable. Reckless disregard of an obligation to investigate and correct patently contradictory data is sufficient to sustain willfulness under *Safeco*.

### H. Damages

32. Experian's inaccurate consumer reporting has caused me concrete, cognizable harm. The Report containing the errors described above has been disseminated to third parties, including prospective creditors and lenders, who access my Experian credit report in the ordinary course of extending credit. This dissemination satisfies the standing requirements established in TransUnion LLC v. Ramirez, 594 U.S. 413 (2021).

33. Specifically, as a result of the inaccurate information Experian has disseminated in my consumer reports, I have been unable to qualify for credit on favorable terms, have suffered damage to my reputation with prospective creditors, and have experienced ongoing emotional distress and loss of sleep.

34. The inaccuracies, including the reporting of balances exceeding credit limits and duplicate tradelines, cause any prospective creditor reviewing the Report to conclude that I have exceeded my credit limits on multiple accounts, am a materially higher credit risk than my actual history reflects, and may have a mixed or corrupted credit file. These conclusions directly and adversely affect the credit terms, interest rates, and approvals I receive.

## COUNT I

### Willful Noncompliance -- 15 U.S.C. § 1681n

35. I incorporate by reference all preceding paragraphs as if fully set forth herein.

36. Experian willfully violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of my consumer report. Experian reported balances and highest balances exceeding credit limits on the FNB Omaha Active Account, the USAA Account, and the JPMCB Account; reported duplicate tradelines under a single account number for ADS/Comenity/Ulta MC; and failed to correct these inaccuracies despite its knowledge, through prior consumer disputes and regulatory action, that such reporting errors exist systemically in its consumer disclosure process.

37. Experian willfully violated 15 U.S.C. § 1681i by failing to conduct a reasonable reinvestigation of my dispute submitted on or about late November 2025, and by failing to correct, update, or delete the inaccurate information identified in my dispute within the statutory period, or at all.

38. As a result of Experian's willful violations, I am entitled to: (a) statutory damages of not less than $100 and not more than $1,000 per violation, pursuant to 15 U.S.C. § 1681n(a)(1)(A); (b) punitive damages in an amount to be determined by the jury, pursuant to 15 U.S.C. § 1681n(a)(2); and (c) my reasonable costs of the action pursuant to 15 U.S.C. § 1681n(a)(3).

## COUNT II

### Negligent Noncompliance -- 15 U.S.C. § 1681o

39.     I incorporate by reference all preceding paragraphs as if fully set forth herein.

40.     In the alternative, Experian negligently violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of my consumer report, as described in Count I.

41.     Experian negligently violated 15 U.S.C. § 1681i by failing to conduct a reasonable reinvestigation of my dispute submitted on or about late November 2025, and by failing to correct, update, or delete the inaccurate information identified in my dispute.

42.     As a result of Experian's negligent violations, I am entitled to: (a) my actual damages pursuant to 15 U.S.C. § 1681o(a)(1); and (b) my reasonable costs of the action pursuant to 15 U.S.C. § 1681o(a)(2).

## PRAYER FOR RELIEF

WHEREFORE, I respectfully request that this Court enter judgment in my favor and against Experian as follows:

(a)     Enter judgment against Experian for willful violations of the FCRA under 15 U.S.C. § 1681n, including statutory damages of not less than $100 and not more than $1,000 per violation;

(b)     Award punitive damages against Experian under 15 U.S.C. § 1681n(a)(2) in an amount sufficient to deter future violations;

(c)     In the alternative, enter judgment against Experian for negligent violations of the FCRA under 15 U.S.C. § 1681o, including actual damages;

(d)    Award my reasonable costs of this action pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2);

(e)    Order Experian to correct, update, or delete the inaccurate tradeline entries identified in this

Complaint; and

(f)    Grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

Jaspreet Kaur

Pro Se Plaintiff

30 Reed St. APT27

Randolph MA, 02368-2548

jaspreetkaur.jjay@gmail.com

Dated: March 20, 2026

## EXHIBIT

A. Experian Consumer Report for Jaspreet Kaur, Report No. 2618-8957-88, February 24, 2026.

B. FTC Advisory Opinion Letter to Darcy, June 30, 2000.

C. Notes or screenshots showing Highest Balance figures exceeding Credit Limits and

missing/incomplete payment fields.